UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CR-00014-GNS-HBB

UNITED STATES OF AMERICA                                     PLAINTIFF

v.

CHAD L. DELUCENAY                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Objection (DN 47) to the Magistrate Judge's Finding of Facts, Conclusions of Law, and Recommendations (DN 46). The matter is ripe for adjudication.

## I.   BACKGROUND

After discovering that child sexual material was downloaded to a cloud storage account belonging to Defendant Chad L. Delucenay ("Delucenay"), Kentucky State Police ("KSP") obtained a search warrant for Delaney's residence. (R. & R. 2, DN 46). KSP and Department of Homeland Security ("DHS") agents executed the search. (R. & R. 2). Delucenay, who was home at the time, was escorted to an unmarked government vehicle for an interview by KSP Detective Adam Hutchison ("Detective Hutchinson") and DHS Special Agent Chamberlain. (R. & R. 2). That interview was audio recorded. (R. & R. 2).

The investigators began the interview by asking for identifying information and discussing why they were there, but they did not specifically question Delucenay about any illegal activity. (R. & R. 3). Around fourteen minutes into the interview, Delucenay was advised of his rights and agreed to waive his rights and continued to speak with investigators. (R. & R. 3-4). Delucenay then made a series of incriminating statements. (R. & R. 5-10).

Delucenay was charged with two counts of sexual exploitation of a minor, a single count of distribution of child pornography, and a single count of possession of child pornography. (R. & R. 1). Delucenay moved to suppress incriminating statements he made to law enforcement offices during questioning. (Def.'s Mot. Suppress, DN 20). After an evidentiary hearing, the Magistrate Judge recommended that the motion be denied. (R. & R. 1-2, 21). Delucenay objects. (Def.'s Obj., DN 47).

## IV.   DISCUSSION

District courts review a magistrate judge's report and recommendation of disposition on a defendant's motion to suppress evidence de novo. *See* 28 U.S.C. § 636(b)(1)(A), (B); *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2004). Delucenay objects to the Report and Recommendation ("R. & R.") on four different grounds. (Def.'s Obj. 1-7).

### A.   Previous Arguments

First, Delucenay "adopts and incorporates as if set forth fully herein his Memorandum of Law in Support of Motion to Suppress Statements" and "specifically objects to any determination that is contrary to the arguments asserted therein." (Def.'s Obj. 1). "That statement, however, does not constitute a 'specific written objection to the proposed findings and recommendations' as required by Fed. R. Civ. P. 72(b)(2)." *United States v. Chaplin*, No. 1:16-CR-00001-GNS, 2017 WL 1365226, at *3 (W.D. Ky. Apr. 7, 2017) (internal quotation marks omitted) (citing *Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1348 (N.D. Ga. 2008)), *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009); *Manigaulte v. C. W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only

for clear error." (citation omitted))).  Having reviewed the remainder of the R. & R. for clear error, the Court finds none.

### B.    Pre-*Miranda* Confession

Delucenay objects to the Magistrate Judge's conclusion that he had not confessed before being read his *Miranda* rights.  (Def.'s Obj. 2).  Prior to the issuance of the R. & R., however, "Delucenay [did] not assert that he made any manner of confession prior to the rights advisement," as noted by the Magistrate Judge.  (R. & R. 14; *see* Def.'s Mem. Supp. Mot. Suppress, DN 45). "Parties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R." *Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Thus, Delucenay may not now contend that he made pre-*Miranda* confessions.

### C.    Knowing Waiver of *Miranda* Rights

Delucenay argues that the government failed to prove that he knowingly and intelligently waived his *Miranda* rights.  (Def.'s Obj. 4).  Such a "waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  *Moran v. Burbine*, 475 U.S. 412, 421 (1986).  "The determination includes consideration of the suspect's age, experience, education, background, and intelligence and whether the suspect has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waving them."  (R. & R. 15 (citing *Fare v. Michael C.*, 442 U.S. 707, 725 (1979)).

Delucenay first takes issue with the R. & R.'s characterization of his mental abilities. Delucenay argues that that the Magistrate Judge discounted the testimony of Dr. Eric Y. Drogin ("Dr. Drogin"), a "clinical and forensic psychologist," specifically his statement that Delucenay

"was found consistently to have problems tantamount to a learning disability, and was found to have scores that tended to rest in the range of borderline intellectual functioning, what we referred to back then as borderline mental retardation." (Def.'s Obj 4 (quoting Suppression Hr'g Tr. vol. 2, at 8:15-20, DN 37)). The R. & R. stated that Delucenay "believes his diagnoses of schizophrenia and what he characterizes as 'borderline mental retardation' demonstrate limitations in his abilities to think and understand complex issues," which is merely a summary of Delucenay's argument and is not inconsistent with Dr. Drogin's testimony. (R. & R. 15).

Moreover, the Magistrate Judge considered Delucenay's mental disabilities but noted that "a mental disability is only one factor in determining whether a defendant's confession is voluntary" and voluntariness should be "examined 'primarily from the perspective of the police.'" (R. & R. 16 (quoting *United States v. Al-Cholan*, 610 F.3d 945, 954 (6th Cir. 2010)) (citing *United States v. Robinson*, No. 3:13-CR-50-R, 2014 U.S. Dist. LEXIS 46254, at *7-8 (W.D. Ky. Mar. 5, 2014))). In this instance, as recognized in the R. & R., "the audio recording of Delucenay's interview corroborates the officer's perception that Delucenay had sufficient intelligence to understand the nature and waiver of his rights." (R. & R. 17).

Delucenay next argues that his eager agreement to waive his *Miranda* rights demonstrates that he "did not comprehend the importance of his rights and the critical significance of a waiver." (Def.'s Obj. 5). He provides no citation to any authority that demonstrates a relationship between voluntariness and the speed of a defendant's waiver. (*See* Def.'s Obj. 5). Eagerness to cooperate alone does not demonstrate that any cooperation was not voluntary. As the Magistrate Judge noted, "[t]hroughout the interview Delucenay was articulate, appeared to understand the questions asked of him, and asked questions of his own to the investigators." (R. & R. 17). The Court agrees with

4

the Magistrate Judge's determination that Delucenay's waiver of his rights was knowing and intelligent.

### D.    Voluntariness of Statements

Delucenay asserts that the government failed to prove that his statements were voluntary. (Def.'s Obj. 5). "Evidence that a defendant suffered, at the relevant time, from a condition or deficiency that impaired his cognitive or volitional capacity is never, by itself, sufficient to warrant the conclusion that his confession was involuntary for purposes of due process; some element of police coercion is always necessary." *United States v. Newman*, 889 F.2d 88, 94 (6th Cir. 1989). "To find officials' conduct coercive, three things must be true:  The conduct was objectively coercive, the alleged coercion was sufficient to overbear the defendant's will, and the officials' actions were the crucial motivating factor in the defendant's decision to speak." *United States v. Guerrero*, 168 F.4th 454, 461 (6th Cir. 2026) (internal quotation marks omitted) (citation omitted).

Delucenay points to Detective Hutchinson's use of "psychological coercion"—his "repeated assurances that the police were there to help [Delucenay] get help with the voices, the suicidal thought and the need for medication" and his establishment of "rapport" with Delucenay. (Def.'s Obj. 7).  First, Detective Hutchinson indicated that he would try to get Delucenay the help he needs in response to Delucenay's claims that he needed help, and that is not objectively coercive.  (R. & R. 19-20).  Nothing suggests "that the investigators were attempting to mislead Delucenay that the objective of the questioning was to determine how they could help him with his child pornography predilection or with his schizophrenia as opposed to investigating a crime." (R. & R. 20).  Moreover, "[n]either 'mere emotionalism and confusion", nor mere 'trickery' will alone necessarily invalidate a confession." *Ledbetter v. Edwards*, 35 F.3d 1062, 1069 (6th Cir. 1994) (quoting *Hawkins v. Lynaugh*, 844 F.2d 1132, 1140 (5th Cir. 1988)).  Second, "an

investigator's use of 'small talk' before asking about criminal activity, even if an effort to build rapport with a suspect, is not inherently improper or coercive." (R. & R. 19 (citing *United States v. Loonsfoot*, No. 2:20-cf-00027, 2021 U.S. Dist. LEXIS 166106, at \*17-18 (W.D. Mich. Aug. 16, 2021))). Delucenay insists that "[t]he psychological impact of Detective Hutchinson's subtle coercion must be considered," but the Magistrate Judge did consider this. (R. & R. 21). The Court agrees with the Magistrate Judge's finding that the use of seemingly standard law enforcement questioning tactics did not overbear Delucenay's will, even if he was more susceptible to these tactics. (R. & R. 21).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Objection (DN 47) is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 46) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Motion to Suppress (DN 20) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
June 15, 2026

cc:    counsel of record

6